United States District Court
Southern District of Texas
**ENTERED**
July 13, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RANDY G. ALGOE,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 1:25-cv-245 |
| PATRICK MCNULTY, *et al.*,<br>Defendants. | §<br>§<br>§ | |

**REPORT AND RECOMMENDATION**
**TO GRANT DEFENDANTS' MOTION TO DISMISS**

## I. Synopsis

Plaintiff Randy G. Algoe's[1] claims against Defendants Patrick McNulty, City of South Padre Island, and Does 1-50, stem from his application for a permit to operate food trucks on his property. Defendants Patrick McNulty and City of South Padre Island argue Plaintiff's claims "consist primarily of vague, ambiguous, and conclusory statements followed by formulaic recitations of legal concepts," in their Motion to Dismiss for failure to state a claim. The issue before the Court is whether Mr. Algoe raises a claim against Mr. McNulty and the Island in their dealings with him and his requested permit. Because the Court finds that Plaintiff fails to plead sufficient factual matters to state a claim for which relief can be granted, it is recommended the Court grant the Defendant's Motion to Dismiss and dismiss Mr. Algoe's complaint.

## II. Jurisdiction and Venue

Plaintiff states this Court has jurisdiction, because Plaintiff "invoke[s] [the Court] in its equitable and fiduciary capacity, not for trial at law but for the exercise of its inherent jurisdiction in conscience." Dkt. No. 8 at 1. The Court notes that when stating

[1] Plaintiff proceeds without a legal representative. Plaintiffs without a legal representative are considered *pro se* plaintiffs and receive the benefit of liberal construction of their claims. *See Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006).

his grounds for relief, Plaintiff states that the grounds arise "in the spirit of" Title 42 § 1983, Fourteenth Amendment, Title 42 § 1983(3), and one "by analogy to Monell." Dkt. No. 8 at 12. The Court also notes that Plaintiff initially filed this Complaint in this Court, seeking to assert federal jurisdiction over his claims. See Dkt. No. 1. For these reasons, the Court construes Plaintiff's claims against the Mayor of the City of South Padre Island, Texas as claims arising under federal statue 42 U.S.C. § 1983. Additionally, the Court construes Plaintiff's claims against the City of South Padre Island as a *Monell* claim, or as a claim of municipal liability under 42 U.S.C. § 1983. Accordingly, the Court finds it has federal subject matter jurisdiction over Plaintiff's claims and can exercise supplemental jurisdiction over the claims arising under the Texas Public Information Act (TPIA). 28 U.S. Code § 1367(a).

Venue is proper in the United States District Court for the Southern District of Texas, Brownsville Division, because a substantial portion of alleged events giving rise to this lawsuit occurred in this geographical jurisdiction. *See* Dkt. No. 8 at 5. (stating the property at issue is located in the City of South Padre Island, Texas, Cameron County, Texas); 28 U.S.C. §1391(b)(2) (noting that a civil action may be brought in the judicial district where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

**III. Factual History**

Plaintiff alleges that "[b]eginning in 2021, Respondent McNulty and others retaliated against Complainant for exercising rights of free speech and petition." Dkt. No. 8 at 3. Plaintiff states that the "controversy began when Complainant sought a Mobile Food Unit (food-truck) property designation for his commercial lot at 1612 Padre Blvd." Dkt. No. 8 at 5. Plaintiff states that this property "was lawfully grandfathered, requiring no new zoning action." Dkt. No. 8 at 3. Plaintiff alleges that "Respondent McNulty and aligned officials orchestrated continuing interference with Complainant's property and business rights by fabricating new pretexts." Dkt. No. 8 at 6.

Plaintiff identifies six "Grounds for Relief in Equity," alleging that

- "Respondent, acting under color of public office, retaliated against Complainant for protected speech and petition;"
- "Respondent deprived Complainant of liberty and property without due process or equal protection;"
- conspiracy to interfere with Civil Rights;
- violation of open-records principles and official oppression because of "Respondent's refusal to release records after waiver of exemption, and the false statement made to the Attorney General;"
- supervisory and municipal liability because "Respondent maintained and enforced a policy or custom of retaliation and concealment;" and
- obstruction of free enterprise and retaliation because "Respondent intentionally interfered with Complainant's lawful business . . . [and] deprived Complainant of the liberty interests protected by equity and by the principles embodied in the Constitution and laws of the United State and of Texas."

Dkt. No. 8 at 12.

## IV. Procedural History

On October 31, 2025, Plaintiff Randy G. Algoe, proceeding *pro se*, filed a complaint against Defendants City of South Padre Island, Texas and Patrick McNulty, individually and in his official capacity.[2] Dkt. No. 1. Plaintiff filed a First Amended Complaint on November 4, 2025. Dkt. No. 8. Plaintiff then filed proof of service upon Patrick McNulty and the City of South Padre Island. Dkt. No. 13. According to Plaintiff's filing, they received his First Amended Petition on November 6, 2025. *Id.* On November 21, 2025, 15 days later, Defendants City of South Padre Island, Texas, and Patrick

[2] Plaintiff states that "PATRICK McNULTY appears in his private and public capacities, acting as Mayor of the City of South Padre Island, Texas." Dkt. No. 8 at 2.

McNulty, individually and in his official capacity, filed a "Motion for More Definite Statement." Dkt. No. 15. Subsequently, Plaintiff filed "Request for Clerk's Entry of Default Under F.R.C.P. 55(a). Dkt. No. 20.

On December 3, 2025, this Court entered an Order granting the Defendant's request requiring Plaintiff to provide a more definite statement. Dkt. No. 23. The Court noted that pursuant to Federal Rule of Civil Procedure 12(e), a party may move for a more definitive statement of a pleading but must do so before filing a responsive pleading. Fed. R. Civ. Pro. 12(e). The Court found that Defendants properly filed their Motion for a More Definite Statement, and the Court considered Defendants' Motion for a More Definite Statement (Dkt. No. 15) the equivalent of making an appearance in this case. Dkt. No. 23.

Plaintiff filed "Objection to Magistrate Judge's Order of December 3, 2025." Dkt. No. 26. Then, the Court issued "Amended Order Requiring Plaintiff to Provide a More Definite Statement" (Dkt. No. 27). The Court again ordered Plaintiff to file a more definite statement, instructed Plaintiff on what the statement should include, and granted Plaintiff an extension to respond to Defendants' Motion for a More Definite Statement. Dkt. No. 27.

Next, the Court denied Plaintiffs "Request for Clerk's Entry of Default Under F.R.C.P. 55(a)"[3]. Dkt. No. 29. Subsequently, U.S. District Judge Fernando Rodriguez Jr., the U.S. District Judge assigned to this case, overruled as moot Plaintiff's Objections (Dkt. No. 26)[4]. Dkt. No. 31. Plaintiff did not comply with the Court's deadline to submit

[3] The Court also reminded Plaintiff of the deadline to file a more definite statement.

[4] The District Judge's order notes that "[t]he Magistrate Judge has since withdrawn the order that Algoe objected to and issued an Amended Order (Doc. 27)." Dkt. No. 31.

the More Definitive Statement[5]. For this reason, the Court ordered Defendants to respond to Plaintiff's Amended Complaint as is. Dkt. No. 39. Defendants filed a timely Motion to Dismiss for Failure to State a Claim. Dkt. No. 44.

Plaintiff filed "Complainant's Motion to Recognize Continuing Voidness of Unauthorized Appearance, to Strike All Filings Submitted without Lawful Authority, and for Related Relief." Dkt. No. 45. The Court denied the motion, noting that the Court had already recognized Defendants' lawful appearance in the instant case. Dkt. No. 46. The Court granted Plaintiff an extension of time to file a response to Defendants' Motion to Dismiss and reminded Plaintiff that failure to file a response would be taken as a showing that the Motion to Dismiss is unopposed under the Local Rules of the Southern District of Texas. Dkt. No. 46.

Plaintiff then filed "Complainant's Notice of Non-Service of Respondents' Motion to Dismiss, Request for Extension of Time to Respond, and Request for Production of Proof of Service." Dkt. No. 48. Plaintiff stated that he had not been served with the Motion to Dismiss for Failure to State a Claim filed by Defendants. Dkt. No. 48 at 1. Plaintiff requested the Court extend the deadline for him to file a response to Defendants' Motion to Dismiss. *Id*. at 3. The Court issued an order which in part directed the U.S. District Clerk to mail a copy of Defendants' Motion to Dismiss to Plaintiff. Dkt. No. 49. The Court again granted Plaintiff an extension of time to file a response to Defendants' Motion to Dismiss and reminded Plaintiff that failure to file a response would be taken as a showing that the Motion to Dismiss is unopposed under the Local Rules of the Southern District of Texas. Dkt. No. 49.

---

[5] Plaintiff, instead, submitted two other filings. Plaintiff submitted a filing titled "Verified Challenge to Authority to Appear and Notice of Jurisdictional Defect, Suspension of Deadlines, and Preservation of Objection" (Dkt. No. 37) on December 18, 2025, but this filing is not a more definite statement. Plaintiff also filed another document titled "Notice of Jurisdictional Non-Cure, Affirmation of Laches, and Continuing Voidness of Respondents' Filings for Want of Authority" (Dkt. No. 38) on January 12, 2026. This filing was filed outside of the deadline to file a more definite statement set by the Court, and it is not a more definite statement.

In May 2026[6], Plaintiff Randy G. Algoe filed a document titled "Verified Motion for Reassignment, Certification to the Chief Judge, or Other Appropriate Relief due to Continuing Appearance-Of-Impartiality Concerns and Repeated Sue Sponte Procedural Advancement of Respondents' Litigation Posture." Dkt. No. 55. Considering his requests for relief[7], the Court construed Algoe's motion as a Motion for Recusal. Dkt. No. 57. The Court denied the Motion for Recusal, finding that Algoe met neither the standards under 28 U.S.C. § 144 and 28 U.S.C. § 455, which generally govern recusal motions. Dkt. No. 57.

In June 2026, Plaintiff filed "Ex Parte' Sealed Record In-Chambers-Private-Hearing Request and; Complainant's Objection to Order Denying Reassignment and; Renewed Motion for Assignment of Special Master or Other Article III Qualified Judicial Officer Sitting in Exclusive Equity/Chancery - In Trust; Not an Administrator Acting under Statutory 1938 Merged Concurrent Equity under TWEA – 50 U.S.C. App. 5(b) and 12 U.S.C. 95." Dkt. No. 60.

The Court considers Defendant's Motion to Dismiss. Because Plaintiff failed to respond to Defendant's Motion despite multiple extensions of time and warnings from the Court, the Court takes Plaintiff's failure to respond as a representation of no opposition pursuant to Local Rule 7.4. *See* SDTX L. R. 7.4.

## V. Standard of Review—Failure to State a Claim under FRCP 12(b)(6)

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate when a plaintiff fails to plead sufficient facts "to state a claim to relief that is plausible on its face." *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015)

---

[6] The Court ordered Plaintiff to respond to Defendant's Motion to Dismiss (Dkt. No. 44) by no later than May 21, 2026. See Dkt. No. 49. Plaintiff filed this Motion (Dkt. No. 55) as well as two other filings (Dkt. Nos. 54, 56) but did not file a response to Defendant's Motion to Dismiss.

[7] Plaintiff sought in part to "[c]ertify" the purported "appearance-of-impartiality concerns to the Chief Judge of the Southern District of Texas for review" or, alternatively, to "reassign this matter to another judicial officer outside the present assignment chain." Dkt. No. 55 at 5.

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To determine whether to grant a dismissal pursuant to 12(b)(6), the court accepts as true "all well-pleaded facts" and view those facts "in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*¸ 396 F.3d 464, 467 (5th Cir. 2004).

Significantly, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. at 678. Additionally, if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is appropriate. *Id.* at 679.

**VI. Analysis**

Defendants' Motion to Dismiss for Failure to State a Claim seeks dismissal of all of Plaintiff's claims and argues Plaintiff "has not identified sufficient factual or legal authority to support any of his claims." Dkt. No. 44 at 12-13. For the following reasons, the Court agrees that Plaintiff has failed to state a claim under the federal pleading standard.

First, Plaintiff argues that he engaged in protected speech and presents a few facts stating that he spoke in open meetings held by the City of South Padre Island. Dkt. No. 8 at 5-6. "As a general rule, the First Amendment prohibits . . . adverse government action against an individual because of her exercise of First Amendment freedoms." *Colson v. Grohman*, 174 F.3d 498, 508 (5th Cir. 1999). The Fifth Circuit has stated the elements needed "to establish a First Amendment retaliation claim" as follows:

> (1) they were engaged in constitutionally protected activity, (2) the defendants' actions caused them to suffer an injury that would chill a person

> of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct.

*Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002).

The Plaintiff complains that after he exercised his right of free speech and petition over how his permit request for food trucks was handled, McNulty and the City of South Padre Island retaliated against him. Dkt. 8 at 3. However, Plaintiff's allegation that the Defendants retaliated against him for protected speech is supported only by conclusory statements, such as stating that "Ricco began a retaliatory campaign . . . [and] more retaliatory acts and public slanders by Ricco and McNulty." Dkt. No. 8 at 5. Additionally, even taken as true, acts such as asking the police to remove Plaintiff from the meeting, disputes over parking-stripes, or placing an election sign on his property, do not themselves demonstrate retaliatory acts. Dkt. No. 8 at 6. Furthermore, while Plaintiff articulates a threat relayed to him by a third party stating a member of the city council "threatened" that "he [Complainant] better do whatever we tell him to do or he will never get anything done in this city again," this statement does not identify a constitutionally protect activity Plaintiff engaged in which prompted this response. Dkt. No. 8 at 5. Even with the benefit of liberally construing Plaintiff's claims, Plaintiff does not provide sufficient well-pleaded facts to support the elements of a first amendment retaliation claim.

Second, Plaintiff argues the Defendants deprived him of liberty and property without due process or equal protection. "In a section 1983 cause of action asserting a due process violation, a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest." *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995). Plaintiff states only that he owns property and that a request to operate food trucks was eventually denied. Plaintiff states that he complied with requests from the City of South Padre Island but does not plead facts to show he was denied any process.

Additionally, for Plaintiff "[t]o establish an equal protection claim, [Plaintiff] must first show that 'two or more classifications of similarly situated persons were treated differently' under the statute." *Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 353 (5th Cir. 2017) (quoting *Gallegos–Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012)). Plaintiff fails to do so because he only presents conclusory allegations to the court concerning the treatment of others by Defendants, and the Court need not accept these statements as true.

Third, Plaintiff argues that the Defendants conspired to obstruct his rights and conceal wrongdoing. However, to establish a claim of conspiracy to violate his civil rights, Plaintiff must do so under 42 U.S.C. § 1985(3). "[T]o assert a claim under § 1985(3), a plaintiff must allege some class-based animus." *Burns-Toole v. Byrne*, 11 F.3d 1270, 1276 (5th Cir. 1994). Most importantly, Plaintiff does not plead any facts alleging class-based animus. In reading the complaint in the light most favorable to the Plaintiff, the conspiracy allegation appears to be a claim that where he wanted his food trucks was grandfathered property. Dkt. No. 8 at 6. The Plaintiff's allegation that the City of South Padre failed to recognize his grandfathered property does not plead the required class-based animus. Considering this, Plaintiff cannot establish a claim of conspiracy to violate his civil rights.

Fourth, Plaintiff argues the Defendants violated open-records principles and official oppression. The Texas Public Information Act (TPIA) provides that "certain categories of information are public information[.]" Tex. Gov't. Code § 552.021. The facts pleaded show that Plaintiff requested records on the Texas Public Information Act and received at least some records.[8] Dkt. No. 8 at 4. Plaintiff states that the copy he received contains deleted portions. *Id.* Plaintiff alleges that this fact "show[s] willful alteration of public records and even mail fraud and further evidence of concealment." *Id.*

Plaintiff's allegations are only conclusory statements, which the Court does not need to accept as true.

Fifth, Plaintiff claims supervisory and municipal liability based on a policy or custom of retaliation and concealment. "Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 346 (5th Cir. 2017) (cleaned up). These elements "are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Plaintiff's statements alleging a policy or custom of retaliation and concealment by Defendants are supported only by conclusory allegations. For instance, Plaintiff states that after attending an open meeting there were "more retaliatory acts and public slanders by Ricco and McNulty." Dkt. No. 8 at 5. Because the Court does not need to accept these conclusory statements as true, Plaintiff's complaint fails to identify a custom or policy.

Sixth, Plaintiff repeats his retaliation claim, and the Court already found above that Plaintiff did not plead sufficient well-pleaded facts to support this claim.

In conclusion, the Court finds plaintiff fails to establish any claim for which relief can be granted.

## VII. Recommendation

It is RECOMMENDED the Court (1) GRANT Defendants' Motion to Dismiss (Dkt. No. 44), (2) DISMISS Plaintiff's action with prejudice, (3) DENY AS MOOT Plaintiff's Motion to Stay (Dkt. No. 54); and (4) DIRECT the Clerk of Court to close this case.

---

[8] Plaintiff also pleads that the Office of the Attorney General submitted a "15-Day Brief" after the deadline required by Tex. Gov't. Code § 552.301(b). This, alone, does not show official oppression. Dkt.

## VIII. Notice to the Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

Signed on July 13, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge

---

No. 8 at 4.